**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PATRICIA LYNN FRY,

Plaintiff,

vs. CASE NO. 8:03-CV-614-T-17-MAP

SCHOOL BOARD OF HILLSBOROUGH COUNTY; LIZETTE RAIG ALEXANDER; JOYCE MILES,

Defendants.
_______________________________________/

## ORDER

This cause is before the Court on: Defendant, Lizette Raig Alexander's, Motion for Summary Judgment (Dkt. 126); Defendant, Joyce Miles', Motion for Summary Judgment (Dkt. 128); and Plaintiff, Patricia Lynn Fry's, Responses thereto (Dkts. 141 - 143).

## BACKGROUND

Plaintiff was employed as a school psychologist by Defendant, School Board of Hillsborough County ("SBHC"), beginning July 31, 2000 through the 2002 school year. Plaintiff asserts she suffers from polyarthritis, headaches, Chronic Inflammatory Demyelinating Polyyneuropathy, pernicious anemia, and other medical ailments, and that her conditions restrict her ability to ambulate and require her to utilize a power wheelchair and handicap modified van. At all times during her employment with SBHC, Plaintiff claims to have had a disability defined by the American With Disabilities Act ("ADA") and Rehabilitation Act of 1973, and that with a reasonable accommodation, she satisfied the requisite skill, experience, education and other job-related requirements of the position she held with SBHC.

Plaintiff began her employment as a school psychologist in July 2000 at Lopez Elementary. Through collaboration and specific requests, accommodations were made for

Plaintiff at Lopez Elementary. In June 2001, Plaintiff was reassigned to Oak Park Elementary after an evaluation of her was conducted. Plaintiff alleges that the reassignment to Oak Park was punitive in nature. Defendant, Joyce Miles, became the new principal assigned to Oak Park Elementary in July 2001.

Plaintiff further alleges that after an Exceptional Student Education ("ESE") case review of a perspective student, she made inquiries to ESE area supervisors and staff about available services, materials, and personnel. In November 2001, another evaluation of Plaintiff was conducted by Defendants, Alexander, the supervisor of school psychological/diagnostic services of SBHC, and Miles, the principal of Oak Park elementary, indicating that Fry needed among other things, improvement in working with minimum supervision and collaborating with school personnel. On March 20, 2002, Plaintiff was informed that her employment contract ended on June 6, 2002. After a recommendation by Miles not to renew Plaintiff's contract, the administrative committee, which had the final authority to affirm or reject the principal's decision, held a hearing on May 8, 2002. Plaintiff attended the hearing and presented evidence in support of her contract renewal. On May 15, 2002, the committee upheld Miles' decision not renew Plaintiff's annual contract for the upcoming year.

On March 3, 2003, Plaintiff filed suit alleging violations of the ADA, Rehabilitation Act, and violation of her First Amendment rights against Defendants. This Court entered an order (Dkt. 18) dismissing the two individual defendants from the ADA and Rehabilitation Act claims, and found that Plaintiff sufficiently alleged instances of speech about matters of public concern and adverse job actions to survive a Rule 12(b)(6) motion to dismiss on her First Amendment claim.

## STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material

fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold, Inc*., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); *Evans v. Meadow Steel Products, Inc.*, 579 F. Supp. 1391, 1394 (N.D.Ga. 1984). The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. See *Liberty Lobby, Inc.*, 477 U.S. at 249. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial, summary judgment should be granted. See *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989) (*citing* *Celotex*, 477 U.S. at 324-25).

"Where a public employee alleges wrongful termination because of the exercise of free speech, the employee must show by a preponderance of the evidence that: (1) the employee's speech is on a matter of public concern; (2) the employee's first amendment interest in engaging in the speech outweighs the employer's interest in prohibiting the speech in order to promote the efficiency of the public services it performs through its employees; and (3) the employee's speech played a 'substantial part' in the employer's decision to demote or discharge the employee. If the employee succeeds in showing the preceding factors, the employer must prove by a preponderance of the evidence that (4) 'it would have reached the same decision . . . even in the absence of the protected conduct.'" *Stanley v. City of Dalton*, 219 F.3d 1280, 1288 (11th Cir. 2000).

In evaluating qualified immunity, courts "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "Qualified immunity analysis has two components: 'First, what was the official's conduct, based on the pleadings, depositions, and affidavits, when viewed in the light most favorable to the non-moving party? Second, could a reasonable public official have believed that such conduct was lawful based on clearly established law?'" *Stanley* at 1286.

**DISCUSSION**

These individual Defendants move for summary judgment on the grounds of qualified immunity. Under the two-prong tests discussed in *Layne* and *Stanley*, this Court first must determine whether the conduct of the Defendants, viewed in light most favorable to the Plaintiff, violated Plaintiff's rights, and second, would a reasonable public official believe that such conduct was lawful based on clearly established law, to strip the official of qualified immunity. Taking Plaintiff's allegations as true for the purpose of these summary judgment pleadings only, the actions taken by the Defendants can be seen as a violation of the Plaintiff's First Amendment rights.

When analyzing whether Plaintiff's speech was a matter of public concern, the Eleventh Circuit discussed similar issues in *Maples v. Martin*, 858 F.2d 1546, 1553 (11th Cir. 1988). Speech that affects "the public's perception of the quality of education in a given academic system is a matter of public concern." *Id.* The court went on to and held that speech about whether a school system requires additional funding, failure to execute federally mandated programs, and educational standards were matters of public concern. *Id*. Assuming arguendo Plaintiff's contract was not renewed because of her inquiries into access for disabled students, Defendants violated her First Amendment rights.

The Court must now balance the employee's first amendment interest in engaging in the speech and determine whether that interest outweighs the employer's in prohibiting the speech in order to promote the efficiency of the public services it performs through its employees. The

issues pertaining to access for disabled students outweigh the interest of promoting efficiency, as demonstrated by Congressional intent in 42 U.S.C. § 12101(8) and (9) of the ADA. The pertinent sections state: "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which."

While Plaintiff may meet the first prong of the Layne test, she fails on the second. Applying the second part, it is not clear whether the Plaintiff had a clearly established right at the time of her discharge. Defendants' assert that the decision not to renew the contract was based on performance issues. Even if the Defendants violated Fry's First Amendment rights, a "reasonable public official" in the Defendants' positions could not have known to a certainty that the actions were unlawful based on clearly established law, when discharging an employee based on performance issues. Even considering a discriminatory motive on the part of the Defendants, "when an adequate lawful motive is present, that a discriminatory motive might also exist, does not sweep qualified immunity from the field even at the summary judgment stage. Where the facts assumed for summary judgment purposes in a case involving qualified immunity show mixed motives (lawful *and* unlawful motivations) and pre-existing law does not dictate that the merits of the case must be decided in plaintiff's favor, the defendant is entitled to immunity" *Foy v. Holsto*n, 94 F.3d 1528, 1534, 1535 (11th Cir. 1996). Under *Foy*, Defendants cannot be stripped of their qualified immunity based on the present record, therefore, Plaintiff cannot maintain her claim against the Defendants in their individual capacities, and summary judgment is proper. Accordingly, it is

CASE NO. 8:03-CV-614-T-17-MAP

**ORDERED** that the Defendants' Motions for Summary Judgment (Dkt. 126 and 128) be **GRANTED** as to Lizette Raig Alexander and Joyce Miles.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 19th day of July, 2005.




Copies to: All parties and counsel of record