**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PATRICIA LYNN FRY,

    Plaintiff,

vs.                           CASE NO. 8:03-CV-614-T-17-MAP

SCHOOL BOARD OF HILLSBOROUGH
COUNTY; LIZETTE RAIG ALEXANDER;
JOYCE MILES,

    Defendants.
_____/

## ORDER

    This cause is before the Court on Defendant, School Board of Hillsborough County's, Motion For Summary Judgment (Dkt. 127); and Plaintiff, Patricia Lynn Fry's, Responses thereto (Dkts. 143 & 162).

## BACKGROUND

    Plaintiff was employed as a school psychologist by Defendant, School Board of Hillsborough County ("SBHC"), beginning July 31, 2000, through the 2002 school year as a contract employee, not a tenured employee. Plaintiff asserts that she suffers from polyarthritis, headaches, Chronic Inflammatory Demyelinating Polyyneuropathy, pernicious anemia, and other medical ailments, and that her conditions restrict her ability to ambulate and require her to utilize a power wheelchair and handicap modified van. At all times during her employment with SBHC, Plaintiff claims to have had a disability defined by the American With Disabilities Act ("ADA") and Rehabilitation Act of 1973, and that, with a reasonable accommodation, she satisfied the requisite skill, experience, education and other job-related requirements of the position she held with SBHC.

CASE NO. 8:03-CV-614-T-17-MAP

Plaintiff began her employment as a school psychologist in July 2000 at Lopez Elementary. Through collaboration and specific requests, accommodations were made for Plaintiff at Lopez Elementary. In June 2001, Plaintiff was reassigned to Oak Park Elementary after an evaluation of her was conducted. Plaintiff alleges that the reassignment to Oak Park was punitive in nature. Defendant, Joyce Miles, became the new principal assigned to Oak Park Elementary in July 2001.

Plaintiff further alleges that after an Exceptional Student Education (ESE) case review of a perspective student, she made inquiries to ESE area supervisors and staff about available services, materials, and personnel. Plaintiff made a written request for accommodations in August 2001, and alleges that Defendant did not respond to them. In November 2001, another evaluation of Plaintiff was conducted by Defendants, Alexander, the supervisor of school psychological/diagnostic services of SBHC, and Miles, the principal of Oak Park elementary, indicating that Fry needed among other things, improvement in working with minimum supervision and collaborating with school personnel.

On March 7, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Later on March 20, 2002, Plaintiff was informed that her employment contract ended on June 6, 2002. After a recommendation by Miles not to renew Plaintiff's contract, the administrative committee, which had the final authority to affirm or reject the principal's decision, held a hearing on May 8, 2002. Plaintiff attended the hearing and presented evidence in support of her contract renewal. On May 15, 2002, the committee upheld Miles' decision not renew Plaintiff's annual contract for the upcoming year.

On March 3, 2003, Plaintiff filed suit alleging violations of the ADA, Rehabilitation Act, and violation of her First Amendment rights against Defendants. This Court entered an order (Dkt. 167) granting summary judgment in favor of the individual defendants, Alexander and Miles on the basis of qualified immunity.

.

CASE NO. 8:03-CV-614-T-17-MAP

**STANDARD OF REVIEW**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A material fact is one which "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); *Evans v. Meadow Steel Products, Inc.*, 579 F. Supp. 1391, 1394 (N.D.Ga. 1984). The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. See Liberty Lobby, Inc., 477 U.S. at 249. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial, summary judgment should be granted. See Jones v. Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989) (*citing* Celotex, 477 U.S. at 324-25).

**DISCUSSION**

The Eleventh Circuit stated in *Holbrook v. City of Alpharetta, G.A.*, 112 F.2d 1522, 1526 (11th Cir. 1997), that "The Rehabilitation Act, 29 U.S.C. § 791-796(1), provides, in pertinent part, that 'the standards used to determine whether this section has been violated in a complaint alleging [nonaffirmative action] employment discrimination under this section shall be the

3

CASE NO. 8:03-CV-614-T-17-MAP

standards applied under title I of the Americans with Disabilities Act of 1990 42 U.S.C. § 12111 et seq.).'"

I.     **Americans With Disabilities Act and Rehabilitation Act**

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees." 42 U.S.C. § 12112(a). The Eleventh Circuit has stated that the elements of an ADA claim are that:

> (1) [the plaintiff] has a disability;
>
> (2) [the plaintiff] is a qualified individual; and
>
> (3) [the plaintiff] was subjected to unlawful discrimination because of [his] disability.

**a. Disability**

"Disability" is defined by the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual...." 42 U.S.C. § 12102(A). A physical impairment includes "any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more bodily system." Sawinski v. Bill Currie Ford, Inc., 866 F. Supp. 1383, 1386 (M.D. Fla. 1994). Evidence tending to indicate the existence of an impairment that limits life activities brings about a factual question as to "whether those symptoms substantially limited a major life activity." See Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1134 (11th Cir. 1996); Zillyette v. Capital One Financial Corp., 1 F. Supp. 2d 1435, 1441 (M.D.Fla. 1998); Sawinski, 881 F. Supp. at 1573.

Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). If a plaintiff's impairment does not substantially limit a major life activity, the plaintiff is not disabled under the ADA or the FCRA and cannot recover for alleged disability discrimination. The determination of whether an impairment substantially limits one or more of a plaintiff's major life activities should be made on a case-by-case basis. See Desai v. Tire Kingdom, Inc.,

CASE NO. 8:03-CV-614-T-17-MAP

944 F. Supp. 876, 880 (M.D.Fla. 1996) (citing *Elstner v. Southwestern Bell Telephone Co.*, 659 F. Supp. 1328, 1342 (S.D.Tex. 1987).

    For the purposes of this summary judgment motion, SBHC admits that Plaintiff "has a disability which requires her to use a wheelchair, which, therefore, substantially limits her ability to walk." (Dkt. 127; page 13, lines 7-8).

    **b. Qualified Individual**

    For Plaintiff to establish a *prima facie* case of discriminatory discharge, she must show that she is a qualified person with a disability, and that Defendant discriminated against her because of her disability by failing to provide a reasonable accommodation. *Davis v. Ford, Lincoln-Mercury, Inc.,* 932 F. Supp. 1389, 1391 (M.D.Fla. 2000). "A qualified person under the ADA is one with a disability who can perform the essential functions of his job with or without reasonable accommodations." *School Bd. Of Nassau County, Fla. V. Arline*, 480 U.S. 273, 287 (1987).

    Plaintiff states that Defendant hired her for the position of school psychologist, and that she met the requisite skill, experience, and education for that position. Plaintiff notes in SBHC's pleadings (Dkt. 127; page 9), that she was evaluated as satisfactory in areas pertaining to her skill as a psychologist. Plaintiff argues that she did not receive an unsatisfactory ratings and that she received overall satisfactory ratings for the March 1st and March 16th evaluations in 2001. Although Plaintiff received an overall rating of satisfactory on those evaluations, in the comments section, issues relating to communication and team work were noted by both evaluators as far back as December 18, 2000. (Dkt. 123, Ex. 3-5). Since Plaintiff was a contract employee, Defendant could have decided not to renew her contract for any reason.

    SBHC asserts that Plaintiff is not a "qualified individual" for her position as a school psychologist because she demonstrated exceptionally poor interpersonal skills and was unwilling to work together with other employees. SBHC refers to the evaluations by Lopez Elementary Principal, Leila Leverett (Dkt. 123, Ex. 3,5), Supervisor School Psychological/Diagnostic Services, Lizette Alexander (Dkt. 122, Ex. 12), and Oak Park Elementary Principal, Joyce Miles

CASE NO. 8:03-CV-614-T-17-MAP

(Dkt. 121, Ex. 37), stating Plaintiff needed improvement in working without supervision, and interactions with staff members as reasons for Plaintiff's transfer to Oak Park, and eventual decision to not renew Plaintiff's employment contract.

"To make a prima facie case of discrimination under the ADA," plaintiff had to show, "that she was otherwise qualified to perform the essential functions of the job, and she was discriminated against based upon the (real or perceived) disability. An employee's ability to handle reasonably necessary stress and work reasonably well with others are essential functions of any position. Absence of such skills prevents the employee from being 'otherwise qualified.'" *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1290-1291 (11th Cir. 2002).

Even though Plaintiff has submitted affidavits contradicting Defendant's assertion that she was unable to work reasonably well with others, the record demonstrates Plaintiff's deficiency in that regard, before her request for accommodations in August. Plaintiff's evaluation at Lopez stated that she needed improvement in that area. This is further evidenced by the later evaluations conducted by both Miles and Alexander. Plaintiff may have worked well with the individuals in the affidavits submitted in her support, but it is ultimately the evaluations by Plaintiff's supervisors which reflect the Plaintiff's relevant overall ability to work well with others in regard to her job.

Even with the facts view in a light most favorable to Plaintiff, nothing in the record contradicts the multiple evaluations of Plaintiff by different supervisors. Had some of the evaluations stated that Plaintiff worked well as a team member and demonstrated good interpersonal skills, a genuine issue of fact might have existed to preclude summary judgment. The fact that all of the evaluations noted those deficiencies, and Defendant's stated reason for not renewing her contract was based on the evaluations, Plaintiff does not meet the "qualified individual" standard set forth in *Williams*, and her ADA and Rehabilitation Act claims must fail. The allegation of the lack of accommodations is moot since Plaintiff failed to meet the second prong of an ADA claim.

CASE NO. 8:03-CV-614-T-17-MAP

### c. Retaliation Claim

SBHC further argues that the permissible scope of Plaintiff's complaint alleging employment discrimination is the administrative charge and investigation. *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985). Defendant claims that Plaintiff is barred from raising a claim in her complaint that was not raised in her EEOC charge, unless the claim is reasonably related to the EEOC charge and can be expected to develop from an investigation to the charge actually raised.

Nothing in the current record shows that an additional EEOC complaint has been filed by Plaintiff. SBHC correctly points out that the scope of Plaintiff's judicial complaint must be within the allegations of the administrative charge and investigation. The claim of retaliation under the ADA cannot be expected to have developed from an investigation of lack of accommodations. Therefore, Plaintiff's claim of retaliation under the ADA and Rehabilitation Act must fail, since the only allegations in Plaintiff's EEOC complaint (Dkt.1, Ex. 1) is that a reasonable accommodation was not provided by Defendant.

## II.     First Amendment Claim

"Where a public employee alleges wrongful termination because of the exercise of free speech, the employee must show by a preponderance of the evidence that: (1) the employee's speech is on a matter of public concern; (2) the employee's first amendment interest in engaging in the speech outweighs the employer's interest in prohibiting the speech in order to promote the efficiency of the public services it performs through its employees; and (3) the employee's speech played a 'substantial part' in the employer's decision to demote or discharge the employee. If the employee succeeds in showing the preceding factors, the employer must prove by a preponderance of the evidence that (4) 'it would have reached the same decision . . . even in the absence of the protected conduct.'" *Stanley v. City of Dalton*, 219 F.3d 1280, 1288 (11th Cir. 2000).

CASE NO. 8:03-CV-614-T-17-MAP

The Eleventh Circuit discussed the issue of speech as a matter of public concern in *Maples v. Martin*, 858 F.2d 1546, 1553 (11th Cir. 1988). Speech that affects "the public's perception of the quality of education in a given academic system is a matter of public concern." *Id.* The court went on to hold that speech about whether a school system requires additional funding, failure to execute federally mandated programs, and educational standards were matters of public concern. *Id*.

This Court stated in its previous order (Dkt. 167) that when the facts are viewed in a light most favorable to Plaintiff, her speech was a matter of public concern under the *Martin* standard. This Court then went on to balance the employee's first amendment interest in engaging in the speech and determine whether that interest outweighs the employer's in prohibiting the speech in order to promote the efficiency of the public services it performs through its employees and found that issues pertaining to access for disabled students outweigh the interest of promoting efficiency, as demonstrated by Congressional intent in 42 U.S.C. § 12101(8) and (9) of the ADA. (Dkt. 167, pg. 4-5). Although Plaintiff's pleadings were sufficient to survive Defendant's motion to dismiss (Dkt. 18), Plaintiff still must set forth specific facts showing that there is a genuine issue for trial in responding to a motion for summary judgment. A party may not rest upon the mere allegations or denials of his pleadings. Fed R. Civ. Pro. 56(e).

"In evaluating a summary judgment motion, 'the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005).

Plaintiff argues that the EEOC charge she filed in Georgia in October 2000, the subsequent lawsuit filed in February 2001, the request for accommodation in October 2001, and the EEOC charge filed in March 2002, were in close temporal proximity between her protected speech and the alleged retaliatory activities. Additionally, Plaintiff alleges that on June 12, 2002, she was charged with subordination after she refused to cover up illegal activities.

8

CASE NO. 8:03-CV-614-T-17-MAP

Plaintiff asserts that she engaged in advocating for access for students since the time she was employed at Lopez, but has failed to allege specific dates upon which she engaged in protected speech besides the June 2002 meeting. That meeting was held after Defendant had decided to not to continue Plaintiff's employment at a hearing on May 8, 2002. There is insufficient temporal proximity between the adverse action and the only alleged specific date of June 12, 2002, of protected speech.

      SHBC admits that an adverse employment action took place, but asserts that Plaintiff's contract was not renewed because of her inability to work well as a team member and demonstrated poor interpersonal skills. Defendant further argues that the non-renomination was not based on any protected speech in which Plaintiff may have engaged. Defendant asserts that Plaintiff went to great length to advocate on behalf of students, and that Defendant encouraged all school psychologists to advocate on behalf of students. Principal Miles testified that she did not take any action against Plaintiff because of the advocacy on the student's behalf. (Dkt. 125, Ex. 5). The administrative committee, which had the final authority to affirm or reject the principal's decision, then affirmed Principal Miles' recommendation to not continue Plaintiff's employment. SBHC further argues that Plaintiff's contract would not be renewed even in the absence of Plaintiff's allegedly protected speech, because Miles' decision was based on her evaluation of Plaintiff.

      While Plaintiff has alleged that there are disputed facts as to whether the Defendant retaliated against her for engaging in protected speech, Plaintiff has not provided sufficient direct or indirect evidence to support those allegations. Plaintiff cites to Appellate Judge Johnson's concurring opinion in *Walker v. NationsBank N.A.*, 53 F.3d 1548, 1564 (11th Cir. 1995) (where the employee's poor performance is proffered as the basis for dismissal, an employer's contemporaneous reports of satisfactory performance will permit the factfinder to infer that the employer is lying), arguing that Defendant's proffered reasons for non-renomination are not credible because the evaluations of Plaintiff in 2000-2001, differ from those conducted in 2001-2002. Defendant has continually asserted that the substantial motivating factor for non-

9

CASE NO. 8:03-CV-614-T-17-MAP

renomination was due to lack on appropriate interpersonal skills and inability to work as a team player.  Defendant has maintained that Plaintiff performed satisfactorily in all other aspects of her job.

Plaintiff has failed to allege sufficient facts to dispute the basis of Miles' decision to non-renominate her, which fails the third prong of a § 1983 claim for violation of a First Amendment right.  Even under the *McDonnell Douglas* presumption, Plaintiff has still failed to set forth specific facts that create a genuine issue of fact.  Defendant maintains, and the record demonstrates, that Miles' would still have not recommended Plaintiff's annual contract to not be renewed in the absence of any alleged protected speech.  Plaintiff's issue of ability to work well as a team member date back to the first evaluation of Plaintiff in December of 2002, and has been noted on every subsequent evaluation by different supervisors.

For the reasons discussed above, Plaintiff has failed to set forth specific facts to create a genuine issue of fact to preclude summary judgment.  Accordingly, it is

**ORDERED** that the Defendant's Motions for Summary Judgment (Dkt. 127) be **GRANTED** and the Clerk of Court is **DIRECTED** to enter Judgment for all defendants and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 21st day of July, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record